**CV 15       3340**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TAMIKA CAMPBELL,
          Plaintiff,                  **DOCKET NO.**
   -against-

SCHERR & MCCLURE, P.A.,
          Defendant.
----------------------------------------X

COGAN, J.

## NOTICE OF REMOVAL OF ACTION

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Section 1441, et seq. defendant SCHERR & MCCLURE, P.A. (hereinafter referred to as "SCHERR & McCLURE"), hereby removes this civil action from the Civil Court of the City of New York, County of Queens, to the United States District Court for the Eastern District of New York.

### I.   PROCEEDINGS TO DATE

On or about March 9, 2015, plaintiff, TAMIKA CAMPBELL, filed a summons and complaint dated March 6, 2015 in the civil action captioned <u>TAMIKA CAMPBELL against SCHERR & MCCLURE, P.A.</u>, Index No. 06272/15, in the Civil Court of the City of New York, County of Queens. Defendant has been served with the complaint on May 14, 2015. The complaint alleges a violation of the Fair Debt Collection Practices Act, and plaintiff seeks statutory and actual damages as well as attorney fees and other relief.

1 | Page

statutory and actual damages as well as attorney fees and other relief.

Copies of all pleadings and other papers plaintiff previously filed with the Civil Court are annexed hereto as Exhibit "A", as required by 28 U.S.C. Section 1446.

## II. GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States. See 28 U.S.C. Section 1331. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (See Exhibit "A") Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

## III. VENUE

Plaintiff's action is pending in Civil Court of the City of New York, County of Queens, which is within this judicial district and division. 28 U.S.C. Section 112(c). The United States District Court for the Eastern District of New York is the District Court and Division within which CCB may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

### IV. TIMELINESS

This Notice of Removal is timely filed. Defendant was served with a copy of the summons and complaint on May 14, 2015. This notice of Removal complies with 28 U.S.C. Section 1446(b).

### V. NOTICE

Pursuant to 28 U.S.C. Section 1446(b), defendant, SCHERR & MCCLURE, P.A., is simultaneously filing a copy of this Notice of Removal with the Civil Court of the City of New York, County of Queens. Plaintiff's counsel is also being served with a copy of this Notice of Removal.

### VI. CONCLUSION

For the foregoing reasons, SCHERR & MCCLURE, P.A. respectfully requests that this action, previously pending in the Civil Court of the City of New York, County of Queens be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated:   New City, NY
         June 2, 2015

Respectfully submitted,

_____
ARTHUR SANDERS, ESQ.   (AS-1210)
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY  10956
845-499-2990

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
TAMIKA CAMPBELL,                        CERTIFICATE OF MAILING
            Plaintiff,                  DOCKET NO.
      -against-

SCHERR & MCCLURE, P.A.,
            Defendant.
-------------------------------------X
```

I hereby certify under the penalty of perjury that on June __3__, 2015, I caused to be served, by first class mail, the within Notice of Removal of Action upon:

JESSE LANGEL, ESQ.
THE LANGEL FIRM
225 Broadway, Suite 700
New York, NY  10007

_____
ARTHUR SANDERS, ESQ.  (AS-1210)

# **EXHIBIT A**

4 | Page

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------X
TAMIKA CAMPBELL,

              Plaintiff

    -against-

SCHERR & MCCLURE, P.A.,

             Defendant
----------------------------------------------------------X

Index No.:   06272/15

MAR 0 9 2015

**SUMMONS**

Basis of venue is Plaintiff's residence.

Plaintiff's residence: 11139 178th Street,
Jamaica, NY 11433

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Queens, at the office of the said Court, located at 89-17 Sutphin Blvd., Jamaica, New York within the time provided by law as noted below, and to file your answer to the endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of **$10,000** with interest thereon from November 12, 2011, together with the costs of this action.

Dated: March 6, 2015

Defendant's address:
Scherr & McClure, P.A.
20 Maple Avenue, 2nd Floor
Armonk, NY 10504

Attorney for Plaintiff:
Jesse Langel, Esq.
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
646-290-5600

Note: The law provides that:
(a) if this summons us served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after service; or
(b) if this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

## COMPLAINT

### FIRST CAUSE OF ACTION
(Fair Debt Collection Practices Act)

1. Under the Fair Debt Collection Practices Act (FDCPA), Plaintiff is a "consumer" and Defendant is a "debt collector."
2. Plaintiff is a natural person and at all relevant times resided in Queens County, New York.
3. Defendant is a foreign Professional Association with its principal place of business located at 1064 Greenwood Blvd., Suite 328, Lake Mary, Florida 32746.
4. Defendant's principal business purpose is the collection of debts.
5. The alleged debt at issue arose from a transaction for personal, family, and household purposes.

6. Defendant violated FDCPA §§ 1692b, 1692c, 1692e, 1692f, 1692g, 1692i as set forth below for making false, misleading and deceptive representations, and engaging in unfair and harassing practices, in connection with the prosecution of its lawsuit under index # 29326/06 ("the action") commenced in City Civil Court, County of Queens and otherwise in connection with attempted collection of the alleged debt.

7. Defendant sued Plaintiff by filing (November 12, 2014) and serving a Verified Complaint, which is attached hereto and incorporated by reference. Said complaint demands $3,970.01.

8. Defendant mailed Plaintiff a dun ("the dun"), which is attached hereto and incorporated by reference, dated February 16, 2015. Said dun demands $4,017.51.

9. Defendant lacked the authority under contract or statute to increase the sum demanded from $3,970.01 to $4,017.51.

10. Defendant misrepresented the amount owed.

11. Defendant unfairly seeks to collect amounts it is not legally entitled.

12. Defendant's use of the dun was a deceptive and unfair way to deprive Plaintiff with a required validation notice under FDCPA § 1692g.

13. Defendant's dun, which lacks reference to the active court case, is misleading and confusing to the least sophisticated consumer because it omits, and thus implies that the matter is not being litigated.

14. Defendant's dun misrepresents the legal status of the debt.

15. Defendant's complaint and dun misrepresent the name of the creditor as "HSBC Bank Nevada, N.A. & its Affiliates."

16. There exists no business entity, "HSBC Bank Nevada, N.A. & its Affiliates."

17. Naming the creditor as "HSBC Bank Nevada, N.A. & its Affiliates" fails to sufficiently identify the creditor.

18. Upon information and belief, Defendant and/or its client, uses this named creditor in hundreds, if not thousands, in lawsuits across New York.

19. Referencing a creditor as named that does not exist and for which there is no DBA is a misleading, deceptive, and unfair way to go about pursuing consumers for alleged debts.

20. Defendant lacks any personal knowledge of any material elements of CACH, LLC's causes of action in its Verified Complaint.

21. In its Verified Complaint, Defendant's identification of the alleged debt as "credit card account now known and numbered as: 7001191950050956" is confusing and misleading to the least sophisticated consumer who is not expected to decipher the phrase "now known as." That phrase is subject to different interpretations any one of which may be accurate.

22. Upon information and belief, Defendant and/or its client, uses this confusing reference in hundreds, if not thousands, in lawsuits across New York.

23. As a secondary debt collector, Defendant and its agents failed to send a validation notice required under *Tocco v. Real Time Resolutions, Inc.*, No. 14CV810, 2014 WL 3964948 (S.D.N.Y. Aug. 13, 2014).

24. Defendant's notice failures failed to convey the required information clearly and effectively and made Plaintiff, viewed from the least sophisticated consumer, uncertain as to the meaning of the parties' roles and the parties' messages.

25. Defendant and/or its agents failed to send Plaintiff any notice of any assignment, and failed to conduct any meaningful review as to whether Plaintiff received notice of any assignment.

26. Defendant is not licensed by the Department of Consumer Affairs (see attached) to collect debts in New York City. Defendant lacked legal authority to commence the action. Upon information and belief, Defendant commences hundreds, if not thousands, of consumer credit actions in the City of New York without being duly licensed.

27. Defendant is not registered to do business by New York State Department of Corporations. (See attached). Upon information and belief, Defendant commences hundreds, if not thousands, of consumer credit actions in the City of New York and other collection activities, including maintenance of a New York office. In doing so, Defendant conducts systematic and continuous business in New York of a localized nature. Defendant's violations of licensure and registration requirements constitute an unfair and deceptive means to collect debts.

28. Defendant falsely implies to the least sophisticated consumers, as well as the judiciary, that it is licensed to collected debts and is authorized to do business.

## SECOND CAUSE OF ACTION
## (NYGBL § 349)

29. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

30. NYGBL § 349 declares unlawful and deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing any service in the State of New York.

31. The conduct complained of in this complaint occurred during, and in furtherance of, Defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

32. At all times material to this complaint, Defendant's deceptive acts and practices that gave rise to the claims herein occurred while Defendant conducted its business of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is recognizable cause of action *Midland Funding, LLC v. Giraldo*, 39 Misc.3d 936 (Dist Ct, Nassau County, 2013).

33. Defendant's acts and practices have been directed entirely at consumers. Defendant's acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

34. Defendant's collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

35. Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because it deprives consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

36. The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL§ 349 and the case law interpreting it.

37. Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL§ 349.

38. As a result of these violations of NYGBL § 349, the plaintiffs are entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages set forth in this complaint, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

39. As a result of the violations, Plaintiff suffered actual damages, which include but are not limited to, attorneys' fees, costs, credit injury, financial hardship, embarrassment, fear, worry, confusion, intimidation, nervousness, loss of privacy, loss of tranquility, and indignation.

**Wherefore,** the plaintiff requests judgment against the defendant for statutory and actual damages, attorneys' fees and costs under FDCPA § 1692k, and under NYGBL § 349(h), together for the sum of **$10,000** with the costs and disbursements of this action.

Jesse Langel, Esq.
The Langel Firm
*Attorneys for Plaintiff*
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

the black sensor designated as Defendant lives in Queens County or Defendant(s) transaction took place in Queens County.

TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

... alleges as follows, upon ...

... Plaintiff, a company, duly licensed with the City of New York ... number 1253176. The Plaintiff is the assignee and/or purchaser of all ... (b.w., HSBC Bank Nevada, N.A. & its Affiliates.) which issued a ...

### AS AND FOR A SECOND CAUSE OF ACTION

... realleges ... of the above allegations.

... HSBC Bank Nevada, N.A. & its Affiliates, Assignor to Plaintiff herein, did, prior to the transfer ...

... of said account, furnish and deliver to Defendant(s) on or about June 29, 2013 date, a ... stating balance due from Defendant(s) a result of defendant's use of said ... accepted and retained the accounting without rejection or objection ...





3/6/2015                                                                    Business: NYC

**Doing Business As or Trade Name:**

**Street 1:**                                    **Street 2:**

**City:**           **State:**         **Zip:**

Search     Clear

> (i) Notice:
> Your search returned no results. Please modify your search criteria and try again.

## Need Help?

### For technical and payment assistance:
Businesses that have technical or payment problems using this online service can call 311 and ask for "NYC Online Licensing Service - Assistance and PIN Request."

### For license-specific questions:
Call 311 and identify the license or permit for which you are submitting an online request. You will be routed to the appropriate Agency.

Consumers using this online service to file a complaint can call 311 and ask for "Service Request Status - DCA."

DCA Business Toolbox

DCA Consumer Resources

DCA FAQs

Health Licenses and Permits

Health Getting Started Video

Health FAQs

Health User Guide

### Starting or running a business? Learn which permits, licenses, and regulations matter to you

Use the Requirements Questionnaire to get a customized list of requirements for starting or operating your business in New York City.

Start the Requirements Questionnaire

### We want your feedback.

To share feedback about registering an account or using the City's online services - Contact us

3/6/2015                                                      Business: NYC

Doing Business As or Trade Name:
Scherr & McClure

Street 1:                              Street 2:

City:              State:              Zip:


Search     Clear


> (i) Notice:
> Your search returned no results. Please modify your search criteria and try again.


### Need Help?

**For technical and payment assistance:**
Businesses that have technical or payment problems using this online service can call 311 and ask for "NYC Online Licensing Service - Assistance and PIN Request."

**For license-specific questions:**
Call 311 and identify the license or permit for which you are submitting an online request. You will be routed to the appropriate Agency.

**Consumers** using this online service to file a complaint can call 311 and ask for "Service Request Status - DCA."
DCA Business Toolbox

DCA Consumer Resources

DCA FAQs

Health Licenses and Permits

Health Getting Started Video

Health FAQs

Health User Guide

**Starting or running a business? Learn which permits, licenses, and regulations matter to you**

Use the Requirements Questionnaire to get a customized list of requirements for starting or operating your business in New York City.

Start the Requirements Questionnaire

# NYS Department of State

## Division of Corporations

### Informational Message

The information contained in this database is current through March 5, 2015.

---

No business entities were found for Scherr & McClure, P.A..

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

Ok

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us